# WILLIAM S. RANKIN *et al.*

## *v.*

# JOSEPH TAYLOR *et al.*

1. CONTRACTS—*interpretation of—whether joint or several.* A, the owner of a farm, rented it to B & C, for one-third of the corn raised upon it, and directed B to sell his rent corn for 25 cents per bushel. Afterwards B & C offered to sell to D between 5,000 and 6,000 bushels of corn, and D agreed with B to take 4,650 bushels at 25 cents per bushel, and pay $126 in hand, and B agreed to furnish feed lots and troughs for feeding and watering 100 head of cattle. D failed to pay the whole of the sum down, which he had agreed to, and B & C refused to deliver any more corn. Afterwards, through his intercession, B & C delivered more of the corn to D, but the quantity so delivered does not appear. Differences arose between B & C and D, concerning the amount claimed to be owing from D, whereupon A told D to pay B & C the sum they claimed, and that he, A, would go with D and measure the ground, and make the difference, if any, right, and thereupon D paid B & C's claim. D failed to meet A for the purpose of measuring the ground, as agreed, when A measured it and found that it fell short 4½ acres of the estimate upon which D had paid B & C, and A, thereupon, offered to pay D the difference, which D refused, and brought suit on the original agreement between him and B & C, against all of the parties. *Held,* that A could not be considered as a party to, or liable upon the original contract made with B & C; the proof showing, that A's interest in the corn was separate and distinct, and that B & C's authority to act for A in the matter, *only* intended to be a sale of his interest at a specified price; that A could only be held liable for the failure of B & C to deliver so much of his corn as they had sold for him and failed to deliver; B & C being *alone* liable for their failure to deliver their portion of the corn, and which liability of A would be several, and not joint. That A's agreement with D, that he would make any difference right which might appear, if D would pay B & C, did not render A an original party to the contract, but simply amounted to a new agreement, upon which A alone was liable, and not jointly with B & C.

2. NEW TRIAL—*for improper instructions.* This court will not reverse a judgment simply because an erroneous instruction has been given, when it is apparent that it worked no injury to the party objecting to it.

APPEAL from the Circuit Court of Mason county; the Hon. CHARLES TURNER, Judge, presiding.

This was an action of assumpsit, brought in the court below by the appellants, William S. Rankin, J. Thomas Rankin and Jesse Taylor, against the appellees, Joseph Taylor, Benjamin W. Taylor and John J. Taylor, which resulted in a verdict and judgment for the defendants. To reverse this judgment, the record is brought to this court by appeal.

The facts in the case are fully stated in the opinion.

Messrs. Lacey & Wallace, for the appellants.

Messrs. J. C. & C. L. Conkling, for the appellees.

Mr. Justice Walker delivered the opinion of the Court:

It appears that Joseph Taylor was the owner of a farm in Mason county, and in 1866, rented it to Benjamin W. and John J. Taylor and others for the year, and was to receive one-third of the corn raised upon it as the rent. Afterward he removed to the State of Minnesota. In the autumn of that year, he directed Benjamin W. Taylor to sell his rent corn when he could receive 25 cents per bushel. Afterwards and during the fall, Benj. W. and John J. Taylor offered to sell Jesse Taylor, one of the plaintiffs, between 5,000 and 6,000 bushels of corn at 25 cents per bushel. He agreed, on behalf of appellants, to take it at that price, and Benj. W. Taylor was to furnish feed lots and troughs for feeding and watering 100 head of cattle. The amount of corn was fixed at 4,650 bushels, and appellants were to pay Benj. W. and John J. Taylor, $125 in hand, but the time when the balance was to be paid does not definitely appear.

Appellants paid $60 in hand, and agreed to pay the balance in a few days, but failing to do so, Benj. and John Taylor refused to deliver any more corn; but through the persuasion of Joseph Taylor, they went on and delivered more, but as to how much corn there was delivered, the evidence is conflicting.

Differences existing between the parties, Joseph Taylor said to Jesse Taylor, who was acting on behalf of appellants, to pay John and Benjamin what they claimed, and he and Jesse would measure the ground, and if they had overpaid he would make it right.    Thereupon appellants paid Benjamin and John their claim.    Several times were fixed to measure the ground, but appellants failed to meet Joseph Taylor for the purpose, but he seems finally to have measured it, when it was found to fall short four and a-half acres of the estimate upon which appellants' had paid Benj. and John J. Taylor.    Joseph, thereupon, offered to pay appellants the difference between the sum they should have paid and what they had paid, but they refused to receive it, and brought suit on the original agreement, against all of appellees, including Joseph Taylor.

A careful examination of all the evidence in this record, fails to show that Joseph Taylor was a party to or liable on the original contract.    He had only authorized Benjamin to sell his corn at a specified price.    He did not authorize him to sell it with the corn of Benjamin and John J. Taylor, or to agree to furnish feed troughs.    His interest was separate, being but one-third of the corn.    He was not a partner, nor did he authorise Benjamin to contract jointly with him and John.    We are unable to see upon what principle of justice he should be made liable for a failure of the other appellees to deliver their portion of the corn which they had failed to deliver, because his agent saw proper, without authority, to sell it with theirs.    If he was in any manner liable on the sale, it would only be for a failure of his agent to deliver as much of his corn as his agent had sold and failed to deliver, and for which he had received payment.    And this liability would only, in any event, be several and not joint.    At or prior to the time the contract was entered into he had not guaranteed the amount of corn that should be delivered by the other appellees.    So far as their two-thirds of the corn was concerned, they were alone liable for a failure in delivering it.

Nor did the agreement, that he would make any deficiency right, if appellants would pay Benjamin and John, render him an original party to the contract. That was a new and independent agreement, and if binding on Joseph it was as a guarantor for the return of any sum of money which appellants might overpay on the contract. And if liable, it would be individually, and not jointly with the other appellees; and as the suit was joint, a recovery could not be had against him in this suit.

Appellants complain of the 6th instruction given for appellees. They insist that it was wrong, because there was no consideration for the guaranty of Joseph Taylor, that he would make good any deficiency that might exist in the quantity of corn delivered. If this is true, still there is no evidence in the record from which it can be inferred that he ever jointly agreed, or authorized Benjamin to agree that he would be jointly bound, that Benjamin and John should deliver their portion of the corn under the contract. Under the evidence he could not be held liable for more than the deficiency in the amount of his portion of the corn. Thus it is manifest, that this instruction could not have misled the jury. We will not reverse a judgment simply because an erroneous instruction is given, where it is apparent that it could have worked no injury to the party objecting to it.

There was no error in refusing appellants' 12th, 13th and 14th instructions. They were opposed to the views here expressed, and were properly refused.

There being no error apparent in the record, the judgment of the court below must be affirmed.

*Judgment affirmed.*